IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

|  |  |  |
|---|---|---|
| WATSON PROFESSIONAL GROUP, ET AL., | ) ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No.   10-CV-120-RAJ-DC |
| UNITED STATES OF AMERICA | ) ) ) | |
| Respondent. | ) ) | |

### MOTION OF THE UNITED STATES OF AMERICA TO DISMISS PETITION TO QUASH

The United States of America, on behalf of its agency the Internal Revenue Service ("IRS"), by and through its undersigned counsel, hereby moves the Court to deny the Petition to Quash Summons (Docket No. 2) (the "Petition to Quash") filed by Carol Watson, Wilson D. Watson and Watson Professional Group Inc. (collectively, the "Petitioners"), and, in support, would respectfully show the Court as follows:[1]

### I.   ALLEGATIONS

1.   Betsy Cruz ("Agent Cruz") is a duly-commissioned Revenue Agent employed by the Internal Revenue Service and is authorized to issue an Internal Revenue Service summons pursuant to the authority contained in 26 U.S.C. § 7602, and Treasury Regulation Section 301.7602-1, 26 C.F.R.

---

[1] This motion to dismiss the Petition to Quash is filed in lieu of an Answer. Under Fed.R.Civ.P. 12(a)(4)(A) and Rule 12(h), Defendant expressly reserves its rights to raise other defenses and to otherwise respond to the allegations set forth in the Petition to Quash.

§ 301.7602-1.  Cruz Decl., ¶ 1.   A true and correct copy of the Declaration of Revenue Agent Betsy Cruz is attached hereto as Exhibit A and is incorporated herein by reference.

2. The Internal Revenue Service assigned Agent Cruz to investigate the personal tax liability of Watson Professional Group, Inc.  Cruz Decl., ¶ 2.

3. In the process of her investigation, Agent Cruz caused an administrative summons to issue to Community National Bank in the matter of Watson Professional Group Inc. on September 15, 2010.  Cruz Decl., ¶ 3.  A true and correct copy of the Summons issued to Community National Bank, including all certificates of service, is attached hereto as Exhibit B and is incorporated herein by reference.

4. On September 15, 2010, Agent Cruz served a copy of the Summons by registered mail on Community National Bank in accordance with 26 U.S.C. § 7603.  Cruz Decl., ¶ 4.

5. In the process of her investigation, Agent Cruz caused an administrative summons to issue to Community National Bank in the matter of Wilson D. Watson as a potentially responsible person on September 15, 2010.  Cruz Decl., ¶ 3.  A true and correct copy of the Summons issued to Community National Bank, including all certificates of service, is attached hereto as Exhibit C and is incorporated herein by reference.

6. On September 15, 2010, Agent Cruz served a copy of the Summons by registered mail on Community National Bank in accordance with 26 U.S.C. § 7603.  Cruz Decl., ¶ 4.

7. In the process of her investigation, Agent Cruz caused an administrative summons to issue to Community National Bank in the matter of Carol Watson as a potentially responsible person on September 15, 2010.  Cruz Decl., ¶ 3.  A true and correct copy of the Summons issued to Community National Bank, including all certificates of service, is attached hereto as Exhibit D and

is incorporated herein by reference.

8.     On September 15, 2010, Agent Cruz served a copy of the Summons by registered mail on Community National Bank in accordance with 26 U.S.C. § 7603.  Cruz Decl., ¶ 4.

9.     On September 15, 2010, Agent Cruz served notice of the above-describes administrative summonses on Wilson D. Watson, Carol Watson and Watson Professional Group Inc. via certified mail in accordance with 26 U.S.C. § 7609(a).  Cruz Decl., ¶ 5.

10.    On October 2, 2009, a copy of the Summons was served on Lisa Pennington via certified mail in accordance with 26 U.S.C. § 7609(a)(2).  Cruz Decl., ¶ 6.

11.    On October 4, 2009, Petitioners filed the Petition to Quash.

12.    On information and belief, Community National Bank has not produced the documents called for in the Summons.

13.    As set forth in the Declaration of Revenue Agent Cruz, she is investigating the tax liability of Watson Professional Group, Inc..  Cruz Decl., ¶23.  Community National Bank was summonsed to provide documents and testimony relevant to the investigation.  Cruz Decl., ¶ 3.  The information sought is not already in the possession of the Internal Revenue Service.  Cruz Decl., ¶¶ 6.  All administrative steps required by the Internal Revenue Code for the issuance and service of a summons have been taken with regards to the Summons issued to Union State Bank.  Cruz Decl., ¶ 7.  The information sought under the summonses is necessary to the investigation into the tax liability of Watson Professional Group, Inc.

## II.   MOTION TO DISMISS PETITION TO QUASH

14.    The United States hereby moves the Court to dismiss the Petition to Quash for the reasons set forth herein.

15.     The United States submits that it has made its *prima facie* case for enforcement and Petitioner cannot meet the heavy burden required to quash the Summons.  Section 7602(a) of the Internal Revenue Code authorizes the IRS to issue an administrative summons for "the purpose of ascertaining the correctness of any return . . . [or for] determining the liability of any person for any internal revenue tax . . ."  Specifically, Section 7602(a), in relevant part, authorizes the IRS:

> (1)     To examine any books, papers, records, or other data which may be relevant or material to such inquiry;
> (2)     To summon . . .
> any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or
> any other person the Secretary [of the Treasury] may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry.

26 U.S.C. § 7602(a).

16.     The United States may seek to compel compliance with a summons in the context of an action brought to quash the summons.  *See* 26 U.S.C. §7609(b)(2)(A).  In such a case, the United States has the initial burden of making a *prima facie* showing that the following requirements have been met:

> (1)     the investigation has a legitimate purpose;
>
> (2)     the summonsed materials are relevant to that purpose;
>
> (3)     the information sought is not already within the IRS' possession; and,
>
> (4)     the IRS followed the administrative steps required by the Internal Revenue Code.

*United States v. Powell*, 379 U.S. 48, 57-58 (1964); *see also United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978).  This showing can be made through the affidavit or sworn declaration of the IRS agent or officer who caused the summons to be issued.  *See e.g.*, *In re Newton*, 718 F.2d

1015, 1019 (11th Cir. 1983); *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993); *United States v. Abrahams*, 905 F.2d 1276, 1280 (9th Cir. 1990), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997); *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987); *United States v. Will*, 671 F.2d 963, 966 (6th Cir. 1982). Once the United States makes the required showing, the burden shifts to the petitioner to show an abuse of the court's process in connection with the summons. *Powell*, 379 U.S. at 58.

### A.  The IRS issued the Summonses for legitimate purpose.

17.   An administrative summons must be issued "in good-faith pursuit of the congressionally-authorized purposes of §7602." *United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 318 (1978). As described above, an administrative summons may be issued for "the purpose of determining the liability of any person for any internal revenue tax." 26 U.S.C. §7602(a). In the present case, the IRS issued the Summons for the purpose of determining the personal tax liability of Watson Professional Group, Inc. Cruz Decl., ¶ 3.

### B.  The Summonsed Data May be Relevant To The Investigation

18.   The second element of the *Powell* test requires that the summons seek information that may be relevant to the purpose of the underlying investigation. The Supreme Court announced the controlling standard of "potential relevance" in summons enforcement cases:

> As the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed. Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS, *see United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248, 254, 13 L.E.2d 112 (1964); the Service therefore should not be required to establish that the documents it seeks

are actually relevant in any technical, evidentiary sense.

*United States v. Arthur Young & Co.*, 465 U.S. 805, 814 (1984) (emphasis in original). Lower Courts have further explained this standard as requiring that the requested documents need "only be 'relevant' in the sense that they have the potential to shed some light on any aspect" of the taxpayer's return. *2121 Arlington Heights Corp. v. I.R.S.*, 109 F.3d 1221, 1224 (7th Cir. 1997); *Tedder v. United States*, 77 F.3d 1166, 1168 (9th Cir. 1996) (IRS need only show a "realistic expectation rather than an idle hope that something may be discovered").

19.     The Cruz Declaration evidences that the summonsed documents may be relevant to the legitimate investigation being conducted into the personal tax liability of the Watson Group, Inc. Cruz Decl., ¶ 8.

   **C.     The IRS Does Not Possess The Summoned Information.**

20.     The IRS does not possess the summoned information. Cruz Decl., ¶ 6. Even if some of the requested documents or information were previously produced by other parties in connection with unrelated investigations, the United States is entitled to compare records kept by third-party record keepers with those produced by the parties being investigated to confirm consistency and completeness of the information provided. *See PAA Management. Ltd. v. United States*, 1992 WL 346314, *5 (N.D. IL 1991). In this case, the Internal Revenue Service does not believe that the documents or information sought by the Summons have been produced.

   **D.     The IRS Followed All Procedures Required by the Internal Revenue Code.**

21.     All procedures required by the Internal Revenue Code were followed with respect to the Summons. Cruz Decl., ¶ 7.

### E.      Petitioner Cannot Meet The "Heavy Burden" To Quash the Summons.

22.     Once the United States makes a *prima facie* showing, as is done here by the Cruz Declaration, the burden shifts to the petitioner to prove that enforcement of the summons would be an abuse of the Court's process.  *Powell*, 379 U.S. at 58; *see also United States v. Balanced Financial Mgt., Inc.*, 769 F.2d 1440, 1444 (10th Cir. 1985).  Since summons enforcement actions are intended to be summary proceedings, the burden on the United States to make out its *prima facie* case is "a slight one," but the burden on Petitioners to demonstrate abuse of process is a "heavy one." *See e.g.*, *Crystal v. United States*, 172 F.3d 1114, 1144 (9th Cir. 1999); *Dynavac*, 6 F.3d at 1414; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995); *United States v. Feminist Federal Credit Union*, 635 F.2d 529, 530 (6th Cir. 1980); *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981). Petitioners must do more than just produce evidence that would call into question the United States' *prima facie* case.  Petitioners must prove a "lack of institutional good faith."  *Fortney*, 59 F.3d at 120 (citations omitted).  To meet this burden, Petitioners "must allege specific facts and evidence to support [the] allegations." *Liberty Financial Services v. United States*, 778 F.2d 1390, 1393 (9th Cir. 1985).  If Petitioners cannot refute the United States' *prima facie* showing, or cannot provide factual support for an affirmative defense, the court should properly dispose of the proceedings before it on the papers.  *Balanced Financial Mgt., Inc.*, 769 F.2d at 1444.

23.     In this instance, Petitioners fail to provide specific facts and evidence to support any such allegations of abuse of process, and the IRS respectfully submits that no allegation set forth in the Petition to Quash constitutes an allegation of abuse of process as contemplated by *Powell*. Although Petitioners make several general allegations and arguments contending that the Summons was improperly issued and should be quashed, Petitioners fail to allege specific facts and evidence

sufficient to support a claim of abuse of process. Instead, Petitioners make various allegations regarding the propriety of the summons procedures and/or the United States' system of taxation in general. In fact, the overall thrust of Petitioners' allegations and arguments is that the United States's income tax is either invalid or does not apply to Petitioners. The United States, IRS, respectfully submits that the majority of the Petitioners' allegations and arguments are either irrelevant to the summonses in question, completely false and/or incorrect, or a combination thereof. In any event, none of Petitioners' arguments and/or allegations rise to the level of the abuse of process described in *Powell*. Therefore, Petitioners do not and cannot not meet the "heavy burden" required to quash the Summonses and the Petition to Quash must be dismissed.

## IV.   CONCLUSION

The United States has established its *prima facie* through the Declaration of Revenue Agent Cruz. Petitioners have not met, and cannot meet, the heavy burden of rebutting that *prima facie* case and/or demonstrating that enforcement would be an abuse of the Court's process. Therefore, the Court should dismiss the Petition to Quash.

## PRAYER

The United States respectfully requests that the Court enter an order dismissing the Petition to Quash and grant such other and further relief as is just and proper.

Respectfully submitted,

JOHN E. MURPHY
United States Attorney

/s/ *Gary W. Wright*
Gary W. Wright
Asst. United States Attorney
601 N.W. Loop 410, Suite 600
San Antonio, Texas  78216

Tel. (210) 384-7340
FAX  (210) 384-7358
Texas Bar No. 24047145
ATTORNEYS FOR UNITED STATES

CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served upon the parties on the listed below by the certified mail, return receipt requested, on this 16th day of December, 2010.

**Watson Professional Group Inc**
**P.O. Box 11186**
**Midland, Texas 79702-8186**

**Wilson D. Watson**
**P.O. Box 11186**
**Midland, Texas 79702-8186**

**Carol Watson**
**P.O. Box 11186**
**Midland, Texas 79702-8186**

*/s/ Gary W. Wright*
**Gary W. Wright**
Assistant United States Attorney